# United States District Court
## Western District of Wisconsin

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| | (for offenses committed on or after November 1, 1987) |

V.

**Case Number:**   08-CR-19-C-01

ANDREW M. CHEANEY

**Defendant's Attorney:**   Gregory N. Dutch

The defendant, Andrew M. Cheaney, pleaded guilty to count 1 of the indictment.

**ACCORDINGLY**, the court has adjudicated defendant  guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1344(1) | Bank Fraud, a Class B felony | December 21, 2001 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.**

| | | |
|---|---|---|
| **Defendant's Date of Birth:** | January 3, 1969 | September 5, 2008 |
| | | Date of Imposition of Judgment |
| **Defendant's USM No.:** | 06597-090 | |
| **Defendant's Residence Address:** | 1686 89th Street New Richmond, WI 54017 | |
| | | /s/ Barbara B. Crabb |
| **Defendant's Mailing Address:** | 1686 89th Street New Richmond, WI 54017 | Barbara B. Crabb District Judge |
| | | September 9, 2008 |
| | | Date Signed: |

AO 245 B (Rev. 3/01)(N.H. Rev.)          CASE NUMBER:      **08-CR-19-C-01**                    Amended Judgment - Page 2

# IMPRISONMENT

As to the one-count indictment, it is ordered that defendant is committed to the custody of the Bureau of Prisons for imprisonment for a term of one month.

Defendant is neither a flight risk nor a danger to the community.  Accordingly, execution of the sentence of imprisonment only is stayed until October 6, 2008, between the hours of noon and 2:00 p.m., when defendant is to report to an institution to be designated by further court order.  The present release conditions are continued until October 6, 2008.

# RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy Marshal

# SUPERVISED RELEASE

The term of imprisonment is to be followed by a three-year term of supervised release.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[X]   The above drug testing condition is suspended, because the instant offense is not drug related and defendant does not have a history of drug abuse, mandatory drug testing as set forth by 18 U.S.C. §§ 3563(a) and 3583(d) is waived.

In light of the nature of the offense and defendant's history, the following special conditions are appropriate.

Defendant is to:

1)   Spend three months in a home confinement program. During this time, defendant shall remain at his residence every day from 8:00 p.m. to 6:00 a.m., or as directed by the supervising U.S. probation officer. Defendant must maintain a telephone at his residence without "call forwarding" or "call waiting" during this three-month period;

2)   Register with local law enforcement agencies and the state attorney general as directed by the supervising U.S. probation officer;

3)   Provide the supervising U.S. probation officer any and all requested financial information;

4)   Refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer; and

5)   Refrain from seeking or maintaining any employment that includes unsupervised financial or fiduciary-related duties without approval of the probation officer.

# STANDARD CONDITIONS OF SUPERVISION

1)  Defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  Defendant shall support his or her dependents and meet other family responsibilities;

5)  Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8)  Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| 1 | $100.00 | $0.00 | $11,907.16 |
| **Total** | $100.00 | $0.00 | $11,907.16 |

It is adjudged that defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to make restitution and to support himself and his dependents upon release.

# RESTITUTION

| NAME OF PAYEE | TOTAL AMOUNT OF LOSS | AMOUNT OF RESTITUTION ORDERED | PRIORITY ORDER OF PAYMENT |
|---------------|----------------------|-------------------------------|---------------------------|
| Bank Mutual<br>Attn: Joan M. Zirbes, Paralegal<br>4949 W. Brown Deer Road<br>P.O. Box 245034<br>Brown Deer, WI 53224 | $ 11,907.16 | $ 11,907.16 | |
| Totals: | $ 11,907.16 | $ 11,907.16 | |

Further, it is adjudged that defendant is to pay restitution immediately in the amount of $11,907.16 to the Clerk of Court for the Western District of Wisconsin for disbursement as noted above.

Interest is to accrue on any portion of the restitution obligation that remains unpaid more than 30 days after this judgment.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

> (1) assessment;
> (2) restitution;
> (3) fine principal;
> (4) cost of prosecution;
> (5) interest;
> (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.